UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

|  |  |  |
|---|---|---|
| CHRISTOPHER FRENCH, | ) | |
| | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| DANIEL MERRILL, | ) | Docket No.  1:18-cv-00073-DBH |
| JOSH EWING, | ) | |
| TOWN OF ORONO, | ) | |
| TRAVIS MORSE | ) | |
| CHRISTOPHER GRAY and | ) | |
| NATHAN DROST | ) | |
| | ) | |
| Defendants | ) | |

**ANSWER TO SECOND AMENDED COMPLAINT
AND DEMAND FOR JURY TRIAL**

**I.  <u>JURISDICTION AND VENUE</u>**

1.     This paragraph states a legal conclusion to which no response is required.  To the extent a response is deemed to be required, this paragraph is denied.

2.     This paragraph states a legal conclusion to which no response is required.  To the extent a response is deemed to be required, this paragraph is denied.

3.     This paragraph states a legal conclusion to which no response is required.  To the extent a response is deemed to be required, this paragraph is denied.

4.     This paragraph states a legal conclusion to which no response is required.  To the extent a response is deemed to be required, this paragraph is denied.

5.     This paragraph states a legal conclusion to which no response is required.  To the extent a response is deemed to be required, this paragraph is denied.

## II. PARTIES

6.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 6 and therefore deny same.

7.      As to the first sentence in this paragraph, Defendants admit.  The second sentence in this paragraph states a legal conclusion to which no response is required.  To the extent a response is deemed to be required, Defendants deny.

8.      As to the first sentence in this paragraph, Defendants admit.  The second sentence in this paragraph states a legal conclusion to which no response is required.  To the extent a response is deemed to be required, Defendants deny.

9.      As to the first sentence in this paragraph, Defendants admit.  The second sentence in this paragraph states a legal conclusion to which no response is required.  To the extent a response is deemed to be required, Defendants deny.

10.     As to the first sentence in this paragraph, Defendants admit.  The second sentence in this paragraph states a legal conclusion to which no response is required.  To the extent a response is deemed to be required, Defendants deny.

11.     As to the first sentence in this paragraph, Defendants admit.  The second and third sentences in this paragraph state legal conclusions to which no response is required.  To the extent a response is deemed to be required, Defendants deny.

12.     This paragraph states a legal conclusion to which no response is required.  To the extent a response is deemed to be required, this paragraph is denied.

13.     This paragraph states a legal conclusion to which no response is required.  To the extent a response is deemed to be required, this paragraph is denied.

14.     Admit.

15.     This paragraph states a legal conclusion to which no response is required.  To the extent a response is deemed to be required, this paragraph is denied.

16.     Admit.

### III.  <u>MAINE TORT CLAIM NOTICE</u>

17.     Admit.

### IV.  <u>GENERAL ALLEGATIONS OF FACT</u>

### A.  STATEMENT OF FACTS REGARDING FIRST INCIDENT

18.     Defendants admit that Officer Drost and Sgt. Merrill served Christopher French with the Cease Harassment Notice, but deny that it was on February 19, 2016.

19.     Admit.

20.     This paragraph states a legal conclusion to which no response is required.  To the extent a response is deemed to be required, this paragraph is denied.

21.     This paragraph states a legal conclusion to which no response is required.  To the extent a response is deemed to be required, this paragraph is denied.

22.     This paragraph states a legal conclusion to which no response is required.  To the extent a response is deemed to be required, this paragraph is denied.

23.     This paragraph states a legal conclusion to which no response is required.  To the extent a response is deemed to be required, this paragraph is denied.

24.     This paragraph states a legal conclusion to which no response is required.  To the extent a response is deemed to be required, this paragraph is denied.

25.     Admit.

26.     Admit.

27.     Defendants admit that Christopher French communicated with Samantha Nardone following his receipt of the Cease Harassment Notice, but deny the remaining allegations contained in this paragraph.

28.     Deny.

29.     Deny.

30.     Deny.

31.     Admit.

32.     Admit.

33.     Admit.

34.     Admit.

35.     Admit.

36.     Deny.

37.     Deny.

38.     Deny.

39.     Deny.

40.     Defendants admit that Officer Drost and Sgt. Merrill asked Samantha Nardone for her assistance to make contact with Christopher French, but deny the remaining allegations contained in this paragraph.

41.     Deny.

42.     Defendants admit that Officer Drost informed Samantha Nardone that Christopher French's course of conduct violated the Cease Harassment Notice, but deny the remaining allegations contained in this paragraph.

43.     Deny.

44.     Deny.

45.     Deny.

46.     Defendants admit that Officer Drost instructed Samantha Nardone to send text messages to Christopher French inviting him to her home and that Christopher agreed to meet Samantha at her house, but deny the remaining allegations contained in this paragraph.

47.     Defendants admit that Officer Drost knew that Christopher French was likely to agree to meet Samantha Nardone, but deny the remaining allegations contained in this paragraph.

48.     Deny.

49.     Defendants admit that Officer Drost instructed Samantha Nardone to text Christopher French and that she did text him to that effect, but deny the remaining allegations contained in this paragraph.

50.     Admit.

51.     Admit.

52.     Defendants admit that Officer Drost arrested Christopher French for violating the cease harassment notice, but deny that the arrest was solely on the grounds of his communications and attempted communications. Defendants admit that Officer Drost told Christopher French that he was being arrested for violating the Cease Harassment Notice.

53.     Deny.

54.     Deny.

55.     Deny.

56.     Defendants deny that Sgt. Merrill and Officer Drost agreed they would provide information to the Bail Commission that would cause the Bail Commissioner to deny bail to French. Defendants admit that they knew that French had a right to the setting of bail in

accordance with the Maine and U.S. Constitutions and under the Maine Bail Code. Defendants deny that they acted in reckless disregard of Christopher French's right to the setting of bail in accordance with same.

57.     Defendants admit that Sgt. Merrill and Officer Drost knew that under the Maine Bail Code, a Maine Bail Commissioner is a statutorily designated judicial officer, but deny that they acted in reckless disregard of that fact.

58.     Defendants admit that Sgt. Merrill and Officer Drost knew that Maine Bail Commissioners were required to act as neutral and detached judicial officers in determining what conditions an arrestee should be admitted on bail, but deny that they acted in reckless disregard of that fact.

59.     Defendants admit that Sgt. Merrill and Officer Drost knew that they were required to provide the Bail Commissioner with truthful and accurate information about each of the charges against French, but deny that they acted in reckless disregard of that fact.

60.     Defendants admit that Officer Drost told the Bail Commissioner that Christopher French had been arrested for violating the Cease Harassment Notice and about French's conduct, including his attempts to contact Ms. Nardone. Defendants admit that French had not been charged with stalking. Defendants deny the remaining allegations in this paragraph.

61.     Deny.

62.     Deny.

63.     Defendants deny that Officer Drost intervened with or made misrepresentations to the Bail Commissioner that resulted in the Bail Commissioner denying Christopher French bail. Defendants are without knowledge or information sufficient to form a belief as to the remaining allegations in paragraph 63 and therefore deny the same.

64.     Admit.

65.     Admit.

**B.  STATEMENT OF FACTS REGARDING SECOND INCIDENT**

66.     Admit.

67.     Admit.

68.     Defendants admit that Samantha Nardone and her roommates advised Officers Gray and Morse that they believed that French had entered their residence and taken the cell phone, and reported that they had locked the doors and first floor windows.  As to the remaining allegations of this paragraph, Defendants deny.

69.     Defendants admit that the officers considered the possibility of applying for a search warrant while at the scene, but as to the allegation that they concluded they had insufficient evidence to obtain a search warrant while still at the scene, Defendants deny.

70.     Qualified.  Defendants admit that they were advised that French was looking in the windows at 60 Park Street and was last seen running from the scene and in the direction of his residence, which was known to police to be at 13 Park Street.

71.     Defendants admit that they first went to 13 Park Street before responding to 60 Park Street, but deny the remainder of this paragraph.

72.     Deny.

73.     Deny.

74.     Defendants admit the officers knocked on the door and that no one answered the door, but deny the remainder of this paragraph.

75.     Admit.

76.     This paragraph states a legal conclusion to which no response is required.  To the extent a response is deemed to be required, this paragraph is denied.

77.     Defendants admit the first two sentences of this paragraph.  Regarding the third sentence, Defendants deny that Samantha Nardone said that French did not enter the residence, because the mudroom is one of the rooms in the residence, and therefore part of the residence.

78.     The first sentence of this paragraph states a legal conclusion to which no response is required.  To the extent a response is deemed required, Defendants deny.  As to the remaining two sentences of this paragraph, Defendants admit.

79.     Deny.

80.     The first sentence of this paragraph states a legal conclusion to which no response is required.  To the extent a response is deemed to be required, Defendants deny.  As to the second sentence, Defendants deny.

81.     Defendants admit that Officer Morse knocked on the trim on the side window. Defendants deny the remainder of this paragraph.

82.     Defendants admit that while Officer Morse knocked on the side window trim, the officers announced that they were with the Orono Police Department and requested that French come to the door to speak with them.  Defendants deny the remainder of this paragraph.

83.     Deny.

84.     Deny.

85.     Deny.

86.     Deny.

87.     Defendants admit that a man identified as "Corey" answered the door, and that it appeared to the officers that he had just awakened.  Defendants deny the remainder of this paragraph.

88.     Admit.

89.     Defendants admit that they requested that French come to the driveway to speak to them.  Defendants deny the remainder of this paragraph.

90.     This paragraph states a legal conclusion to which no response is required.  To the extent a response is deemed to be required, this paragraph is denied.

91.     Deny.

92.     Qualified.  Defendants admit that initially French said he would go inside the residence to look for the phone, but subsequently told them that he would "get it," clearly indicating that he was in possession of the phone and knew where it was located.  Defendants admit that, after French said he would "get it," and went to the door of the residence to go inside to retrieve it, he was told that he would not be allowed to enter the residence unless he was escorted, for officer safety reasons. Defendants admit that French refused to allow police to enter the residence.  Defendants admit that French offered to have his roommate "Corey" retrieve the cell phone, which they agreed to, but deny the remainder of the third sentence of this paragraph. Defendants admit that "Corey" returned with the cell phone after being told by French to look for it on the basement stairs.

93.     Admit.

94.     This paragraph states a legal conclusion to which no response is required.  To the extent a response is deemed to be required, this paragraph is denied.  Defendants deny that

French had not left the curtilage of his residence, as he admitted that he had just returned from 60 Park Street.

95.     Admit.

96.     Defendants admit that the charges were dismissed because the victim refused to cooperate with prosecutors.

**COUNT I – FOURTH AMENDMENT**
**(Drost and Merrill)**

97.     Defendants repeat and reallege their responses contained in paragraphs 1 through 96 herein.

98.     Deny.

99.     Deny.

100.    Deny.

101.    The allegations in paragraph 101 are confusing and incomprehensible and therefore no response is possible. To the extent an answer is deemed to be required, this paragraph is denied.

102.    Deny.

103.    The allegations contained in paragraph 103 call for a legal conclusion to which an answer is not required. To the extent an answer is deemed to be required, this paragraph is denied.

104.    The allegations in paragraph 104 are confusing and incomprehensible and therefore no response is possible. To the extent an answer is deemed to be required, this paragraph is denied.

105.    Deny.

106.    Defendants admit that they knew Christopher French would likely accept Samantha Nardone's invitation to go her house, but deny the remaining allegations contained in paragraph 106 of the Second Amended Complaint.

107.    The allegations contained in paragraph 107 call for a legal conclusion to which an answer is not required. To the extent an answer is deemed to be required, this paragraph is denied.

108.    Deny.

109.    Admit.

110.    Deny.

111.    Deny.

112.    Admit.

113.    The allegations contained in paragraph 113 of the Second Amended Complaint contain no assertion of fact so no response is necessary. To the extent an answer is deemed to be required, this paragraph is denied.

## COUNT II – EIGHTH AMENDMENT
### (Drost)

114.    Defendants repeat and reallege their responses contained in paragraphs 1 through 113 herein.

115.    The allegations contained in paragraph 115 call for a legal conclusion to which an answer is not required. To the extent an answer is deemed to be required, this paragraph is denied.

116.    The allegations contained in paragraph 116 call for a legal conclusion to which an answer is not required. To the extent an answer is deemed to be required, this paragraph is denied.

11

117.    Deny.

118.    Deny.

119.    Deny.

120.    Admit.

121.    The allegations contained in paragraph 121 of the Second Amended Complaint contain no assertion of fact so no response is necessary. To the extent an answer is deemed to be required, this paragraph is denied.

## COUNT III – PROCEDURAL DUE PROCESS
### (Drost)

122.    Defendants repeat and reallege their responses contained in paragraphs 1 through 121 herein.

123.    The allegations contained in paragraph 123 call for a legal conclusion to which an answer is not required.  To the extent an answer is deemed to be required, this paragraph is denied.

124.    The allegations contained in paragraph 124 call for a legal conclusion to which an answer is not required. To the extent an answer is deemed to be required, this paragraph is denied.

125.    Deny.

126.    Admit.

127.    The allegations contained in paragraph 127 of the Second Amended Complaint contain no assertion of fact so no response is necessary.  To the extent an answer is deemed to be required, this paragraph is denied.

## COUNT IV – FALSE IMPRISONMENT
### (Drost and Merrill)

128.    Defendants repeat and reallege their responses contained in paragraphs 1 through 127 herein.

129.    Deny.

130.    Deny.

## COUNT V – ABUSE OF PROCESS
### (Drost and Merrill)

131.    Defendants repeat and reallege their responses contained in paragraphs 1 through 130 herein.

132.    Deny.

133.    Defendants admit that the charges against Christopher French were eventually dismissed by notice and the reason given was insufficient evidence, but deny the remaining allegations contained in this paragraph.

134.    Deny.

135.    Deny.

## COUNT VI – PUNITIVE DAMAGES
### (Drost and Merrill)

136.    Defendants repeat and reallege their responses contained in paragraphs 1 through 135 herein.

137.    Deny.

138.    Deny.

## COUNT VII – SUPERVISOR LIABILITY
### (Josh Ewing)

139.    Defendants repeat and reallege their responses contained in paragraphs 1 through 138 herein.

140.    Admit.

141.    The allegations in paragraph 141 call for a legal conclusion to which an answer is not required. To the extent an answer is deemed to be required, this paragraph is denied.

142.    The allegations in paragraph 142 call for a legal conclusion to which an answer is not required.  To the extent an answer is deemed to be required, this paragraph is denied.

143.    Admit.

144.    Defendants admit that at all times material Defendants Drost and Merrill were duly appointed and sworn law enforcement officers employed by the Town of Orono, but deny the remaining allegations contained in this paragraph.

145.    Defendants admit that Officer Drost arrested Christopher French on February 19, 2018 on the grounds that he had violated the Cease Harassment Notice, but deny the remaining allegations contained in this paragraph.

146.    Paragraph 146 is confusing and incomprehensible as written therefore no response is required. To the extent an answer is deemed necessary, Defendants deny the allegations contained in this paragraph.

147.    Deny.

148.    Deny.

149.    The allegations contained in paragraph 149 of the Second Amended Complaint contain no assertion of fact so no response is necessary. To the extent an answer is deemed to be required, this paragraph is denied.

## COUNT VIII – MUNICIPAL LIABILITY
### (Town of Orono)

150.     Defendants repeat and reallege their responses contained in paragraphs 1 through 149 herein.

151.     Admit.

152.     Admit.

153.     Admit.

154.     Deny.

155.     The allegations contained in paragraph 155 of the Second Amended Complaint contain no assertion of fact so no response is necessary. To the extent an answer is deemed to be required, this paragraph is denied.

## COUNT IX – FOURTH AMENDMENT
### (Morse and Gray)

156.     Defendants repeat and reallege their responses contained in paragraphs 1 through 155 herein.

157.     Deny.

158.     Deny.

159.     Deny.

160.     Defendants Admit that at all times in their interactions with French they were acting under color of state law, but Deny committing all the referenced "aforesaid acts."

161.     This paragraph states a legal conclusion to which no response is required.  To the extent an answer is deemed to be required, this paragraph is denied.

## COUNT X – FIFTH AND SIXTH AMENDMENT
### (Morse and Gray)

162.    Defendants repeat and reallege their responses contained in paragraphs 1 through 161 herein.

163.    Deny.

164.    Deny.

165.    Deny.

166.    Deny.

167.    Admit.

168.    This paragraph states a legal conclusion to which no response is required.  To the extent an answer is deemed to be required, this paragraph is denied.

## COUNT XI – PUNITIVE DAMAGES
### (Morse and Gray)

169.    Defendants repeat and reallege their responses contained in paragraphs 1 through 168 herein.

170.    Deny.

171.    Deny.

## COUNT XII – SUPERVISOR LIABILITY
### (Josh Ewing)

172.    Defendants repeat and reallege their responses contained in paragraphs 1 through 171 herein.

173.    Admit.

174.    This paragraph states a legal conclusion to which no response is required.  To the extent an answer is deemed to be required, this paragraph is denied.

175.    Admit.

176.    Qualifed.  Defendants do not understand what is meant by the allegation that Defendants Morse and Gray were, at all times material, "under the authority of Defendant Ewing," and therefore deny same.  Defendants admit the remainder of this paragraph.

177.    Deny.

178.    Deny.

179.    Deny.

180.    Deny.

181.    This paragraph states a legal conclusion to which no response is required.  To the extent an answer is deemed to be required, this paragraph is denied.

## COUNT XIII – MUNICIPAL LIABILITY
### (Town of Orono)

182.    Defendants repeat and reallege their responses contained in paragraphs 1 through 181 herein.

183.    Admit.

184.    Admit.

185.    Admit.

186.    Deny.

187.    This paragraph states a legal conclusion to which no response is required.  To the extent an answer is deemed to be required, this paragraph is denied.

WHEREFORE, Defendants respectfully request judgment in their favor on all Counts of Plaintiff's Complaint, plus their costs of suit.

## JURY DEMAND

188.    Defendants hereby demand a trial by jury pursuant to Fed. R. Civ. P. 38(b).

## AFFIRMATIVE DEFENSES

1.     Plaintiff's Second Amended Complaint fails to state a claim upon which relief may be granted.

2.     Plaintiff's Second Complaint is barred, in whole or in part, by the statute of limitations.

3.     Plaintiff has failed to mitigate his damages, if any.

4.     Plaintiff's claims are barred by the doctrine of absolute and/or qualified immunity.

5.     If any of the Defendants' act are found to have been unlawful and/or unconstitutional, Defendants had no knowledge of such illegality or unconstitutionality at the time of the alleged conduct and at all times were acting in good faith.

6.     Defendant Town of Orono has no liability for damages because the conduct of its employees did not violate clearly established law, therefore any alleged failure to hire, train, manage, discipline or supervise could not have been a proximate cause of Plaintiff's damages.

7.     Defendants' conduct did not rise to the level of a constitutional violation, but, at most, amounts to a common law tort.

8.     Any actions taken by Defendants were based on probable cause.

9.     No supervisory or bystander liability can lie in the absence of a clear violation of Plaintiff's rights by an officer that is observed by a supervisor or other officer at the scene, who had a reasonable opportunity to intervene and stop such violation but failed to do so.

10.    No clearly established rights were violated by Defendants' actions.

11.    Plaintiff's voluntary participation in a non-custodial conversation with Defendants, which gave him the opportunity to respond to accusations made against him by Ms.

Nardone, does not in any way give rise to a cause of action under the Fourth, Fifth, Sixth or Fourteenth Amendments of the U.S. Constitutions or the State of Maine Constitution, or state law tort.

12.     Prior to his arrest on February 19, 2016, Defendants never seized Plaintiff.

13.     Prior to his arrest on September 14, 2016, Defendants never seized Plaintiff.

14.     Plaintiff voluntarily consented to speak with Defendants on September 14, 2016.

15.     Plaintiff's alleged damages, if any, were not caused by any municipal policy or custom amounting to deliberate inference to the rights of Plaintiff.

16.     Any negligence on the part of Defendants, if any, is less than that of Plaintiff and his recovery is therefore barred by the doctrine of comparative negligence.

17.     Plaintiff's claims are barred for failure to comply with the Maine Tort Claims Act, 14 M.R.S.A. § 8101, *et seq.*

18.     Plaintiff's claims are barred by the immunity provisions of the Maine Tort Claims Act, 14 M.R.S.A. § 8101, *et seq.*

19.     Plaintiff's claims are barred, in whole or in part, because Defendants' conduct was privileged.

20.     Plaintiff's own conduct was the sole or a contributing cause of his damages, if any.

21.     The Plaintiff has adequate remedies under State law and therefore no action can lie under the U.S. Constitution or Maine Constitution for procedural due process.

22.     Plaintiff's claims are barred by waiver and/or estoppel.

23.     Plaintiff's claims are barred for the reason that Defendants Ewing and the Town cannot be liable under a theory of *respondeat superior*.

Dated at Portland, Maine this 6th day of July, 2018.

    */s/ Edward R. Benjamin*
Edward R. Benjamin, Jr., Esq.

    */s/ Kasia S. Park*
Kasia S. Park, Esq.

Drummond Woodsum & MacMahon
84 Marginal Way, Suite 600
Portland, ME
(207) 772-1941
ebenjamin@dwmlaw.com
kpark@dwmlaw.com
*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I, Kasia S. Park, hereby certify that on July 6, 2018, I electronically filed the foregoing

Answer to Second Amended Complaint and Demand for Jury Trial with the Clerk of Court using

the CM/ECF system which will send notification of such filings(s) to all parties of record.


 */s/ Kasia S. Park*
Kasia S. Park

*Attorney for Defendants*
Drummond Woodsum
84 Marginal Way, Suite 600
Portland, ME
(207) 772-1941
kpark@dwmlaw.com